# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0247V
UNPUBLISHED

| | |
|---|---|
| JULIE RUSSELL,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 12, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 7, 2021, Julie Russell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or, in the alternative, a caused-in-fact injury, after receiving the influenza vaccine on October 15, 2018. Petition at 1, ¶¶ 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 12, 2023, Respondent filed a proffer on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating Petitioner should be awarded $60,846.67, representing compensation in the amounts of $60,000.00 for pain and suffering and $846.67 for past unreimbursed expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,846.67, representing compensation in the amounts of $60,000.00 for pain and suffering and $846.67 for actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE RUSSELL,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 21-247V **(ECF)**<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF DAMAGES**

On February 10, 2023, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter alleging a Shoulder Injury Related to Vaccine Administration following an influenza vaccination. The same day, the Court entered its Ruling on Entitlement, finding petitioner Julie Russell entitled to Vaccine Act compensation. Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$60,846.67**, which includes $60,000.00 for pain and suffering and $846.67 in past unreimbursed expenses, in the form of a check payable to petitioner, Julie Russell.[1] This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[2]

Petitioner agrees with the proffered award of $60,846.67.[3]

---

[1] Petitioner is a competent adult. No guardianship is required.

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/Voris E. Johnson, Jr.
VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct Dial: 202-616-3667
Voris.Johnson@usdoj.gov

Date:   May 12, 2023